### APPROPRIATION—JURISDICTION—COURT PROCEDURE.

THE STATE, EX REL, V. THE JUDGES OF THE COURT OF COMMON PLEAS OF HAMILTON COUNTY.

69 Ohio State—Decided, January 5, 1904.

*Common Pleas Court Reverses Judgment of Probate Court—And Thereby Has Original Jurisdiction in Said Case—Ground of Reversal Found by Supreme Court to be Erroneous—Mandamus Will Not Lie to Compel Common Pleas Judges to Rehear Petition in Error—Court Procedure—Jurisdiction—Section 6438, Revised Statutes.*

1. Where on a petition in error the court of common pleas reverses the judgment of the probate court in appropriation proceedings brought under chapter 8, title 2, Revised Statutes, it is the duty of that court, by force of Section 6438, Revised Statutes, to proceed to hearing and trial as though it had original jurisdiction thereof.
2. Such judgment of reversal finally disposes of the judgment of the probate court, but is not, within the meaning of the statute, a final judgment which may be reviewed on error. And although the ground of reversal is found by this court to be erroneous, mandamus will not lie to compel the judges of the court of common pleas to again hear and pass upon the petition in error.

Mandamus.

By its petition the relator, The Covington & Cincinnati Bridge Company, makes known to the court that on March 5, 1896, the relator commenced a proceeding in eminent domain in the Probate Court of Hamilton County against one George A. Magruder and others, and such further proceedings were had therein that a preliminary hearing was had and an order entered for the plaintiff, followed by a jury trial resulting in a verdict for damages and a judgment thereon, which was paid into court. Error by the defendants to the common pleas of Hamilton resulted in a final judgment in that court dismissing the proceedings in eminent domain upon the ground that the plaintiff did not have the legal right to condemn as against the defendants. Said judgment being affirmed by the circuit court error was prosecuted to this court, where the judgment of the circuit court was reversed, the judgment of the court of common pleas vacated, and the cause remanded to that court for further proceedings in accordance with the opinion. The judgment of this court left the judgments of the probate court in full force and effect, and required the court of common pleas to consider and pass upon the petition in error as originally filed therein. But that court, over the objection of the relator herein, summoned a jury to assess damages and denied and still denies the application of the relator for a hearing upon the petition in error in that court. Relator is without adequate remedy at law, and prays' that a writ of mandamus shall issue directed to the judges of said court of common pleas requiring them to set aside the summons for a jury, and to consider and determine the issues presented by the petition in error originally filed in that court.

Copy of the record of all the proceeding, the opinion of this court, and of its journal entry and mandate, accompany the petition as exhibits.

The answer by the respondents takes issue with some of the statements of the petition as to the exact text and legal effect of the journal entry in the court of common pleas and the opinion and judgment of this court, but otherwise generally admits the allegations of the petition. It also avers that the court of common pleas, acting on the mandate from this court, held that the force and effect of the proceedings hereinbefore taken were to vacate the judgment of the probate court fixing

the compensation and to remand the case to the common pleas for trial and final judgment as to compensation, and therefore overruled the application of the company for a hearing upon the petition in error, and ordered the drawing of a jury, excusing the jury, however, until further order. It is and at all times has been the purpose and desire of respondents to proceed according to the command of the mandate and opinion of this court, and they pray the judgment and direction of the court in the premises.

Pertinent parts of the record necessary to a full understanding of the controversy, show that the court of common pleas in the appropriation case pending in that court on error, found and adjudged—

"That there was error in the judgment and rulings of the probate court in finding that the taking of the premises and interests of the plaintiffs in error in the premises set forth in the  *  *  *  petition was necessary, and thereupon ordering a jury to be impanneled to assess compensation, and in overruling the motion of plaintiffs in error to set aside the finding and order aforesaid; that it further erred in overruling the motion of plaintiffs in error, after hearing the testimony, to withdraw the case from the jury and to dismiss the  *  *  * petition as to said plaintiffs in error, and in overruling the motion of plaintiffs in error to set aside the verdict of the jury, and for new trial. Whereupon it is ordered and adjudged that the proceedings and judgment of the probate court  *  *  *  be and the same are hereby reversed and set aside, and that the  *  *  *  company is adjudged to pay the costs of plaintiff in error. And the court having further heard and considered the premises finds that there is on the part of said corporation no right nor necessity for the appropriation;  *  *  *  it is therefore ordered and adjudged that the  *  *  *  petitions herein be dismissed and that plaintiffs in error go hence without day."

Also that the journal entry of this court reversing the judgments of the circuit court and of the court of common pleas, ordered and adjudged—

"That the judgment of the court of common pleas be and the same is hereby reversed; and it is further ordered and adjudged that this cause be remanded to the court of common pleas for further proceedings in accordance with opinion herein."

Also that the opinion shows that this court did neither affirm nor reverse the judgment of the probate court, and shows

further that the case would be remanded to the court of common pleas for trial as provided by law. It (the opinion) does also state that "the judgment of the common pleas court, in reversing the judgment of the probate court and dismissing the * * * petitions herein, and that of the circuit court affirming the judgment of the common pleas court should be reversed." The syllabus is to the effect that—

"Where on a petition in error the court of common pleas reverses the judgment of the probate court in appropriation proceedings, it is made its duty by Revised Statutes, Section 6438, to retain the cause for trial and final judgment; and when, without a trial by jury as in the probate court, the court proceeds at once to render final judgment, the judgment of the court of common pleas will be reversed."

*Maxwell & Ramsey,* for the relator.

*Judson Harmon, J. C. Harper, Channing W. Richards, Wilson & Wilson* and *Outcalt & Foraker,* for respondents.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The prayer of the petition is that a writ of mandamus shall issue directed to the judges of the Court of Common Pleas of Hamilton County, requiring them to set aside the summons for a jury, and to consider and determine the issues presented by the petition in error originally filed in that court.

We are of opinion that the writ should be denied. It is to be awarded only where the act is specially enjoined as a duty resulting from an office, trust or station, and is not to be issued to control discretion. Especially is it not to be awarded in the absence of a showing of a clear right.

The power as well as duly lodged in the court of common pleas, in passing on an error proceeding from the probate court in an appropriation case, is defined by Section 6438, Revised Statutes, which provides that:

"If the court of common pleas, upon the hearing of the cause * * * reverse such judgment, it shall retain the cause for trial and final judgment as in other cases."

The natural, and we think necessary, implication from this language is that the judgment of reversal is not a final judgment to which error will lie. This for the reason that the party

complaining has not exhausted his remedy in the court which has jurisdiction to try the cause to final judgment, the general policy of our statute, applying to error proceedings to the court of common pleas being that a party may not prosecute error to orders or rulings which do not conclude the issue, but must, where that court has jurisdiction try the cause to final issue and give full relief, exhaust his remedy there before prosecuting error to the higher court. A like provision is prescribed by Section 6733, Revised Statutes, where error is successfully prosecuted to the judgment of a justice of the peace. *Railway Co.* v. *Bailey,* 39 Ohio St., 170, declares the principle and we think settles the question. The judgment of reversal by the common pleas of the judgment of the probate court not being a final judgment it follows necessarily that the effort to have it reviewed must be futile.

It is contended, however, that the action of this court in reversing the judgment of the court of common pleas, as expressed in the journal entry and mandate, completely extinguished the judgment of the court of common pleas and left the case in that court to be proceeded with as an error case. This does not follow. It is true that this court orders and adjudges "that the judgment of the court of common pleas be and the same is hereby reversed." The judgment referred to, however, naturally and necessarily means the judgment which the party complaining had the right to ask to have reviewed, and that was the final judgment rendered by the court of common pleas, viz., the judgment dismissing the petition. That this was the understanding of this court at the time is shown by the language which follows, viz.: It is furthered ordered and adjudged that this cause be remanded to the court of common pleas for further proceedings in accordance with opinion herein." Recurring to the opinion, it is shown that the cause is "remanded to the court of common pleas for trial as provided by law;" and the provision of law is found in the statute. Had this court intended to direct a re-hearing of the error case it would have said so. This understanding is further shown by the fact, evidenced by the opinion, that this court did not undertake to deal in any wise with the judgment of the probate court. It neither sought to affirm it or to reverse it. We need not now inquire the reason why. It is enough to state the fact. It was treated

as a judgment reversed, and was there left, the language of the syllabus being that where the court of common pleas reverses the judgment of the probate court, the duty to ''retain the cause for trial and final judgment'' follows, and the error pointed out in this syllabus, and the only error is the action of the court of common pleas in proceeding to render final judgment without trial.   Other facts indicating the true intent of the entry in this court will be referred to further on.   Some phases of the error case in this court may not be entirely clear, but taking the final entry here in connection with the opinion, including the syllabus, and construing the whole in the light of the statute there can be no warrant for the claim that the case is now in the court of common pleas as an error proceeding.

It is true that the reasons given for and the grounds upon which the court put its reversal of the judgment of the probate court were in part the same reasons and grounds upon which the court put its reversal of the judgment of the pro- probably, is the cause of the apparent confusion which has arisen. . That is, the common pleas found that the probate court erred in finding that the taking of the premises was necessary, and it also found, on its own further hearing, that there is no right or necessity on the part of the corporation for the appropriation, and hence dismissed the petition.   It is inferred by counsel from this that the judgment of reversal of this court was aimed at the findings.   But it ought to be plain that, as a general proposition, the grounds of which a judgment of reversal is placed are not the subject of review.   It is the judgment, when it is reviewable at all, that may be the subject of reversal.   In legal effect the common pleas judgment of reversal would have been just as conclusive had no ground been stated.   The judgment may be entirely sound and the grounds upon which it is sought to be placed wholly erroneous.   But this view of the case becomes of less importance when it is noted that the finding as to the preliminary inquiry was not the sole ground of reversal by the common pleas.   It was founded as well upon alleged error ''in overruling the motion of plaintiffs in error to set aside the verdict of the jury, and for new trial.''   Among the grounds for new trial alleged in the motion are error in the admission and exclusion of testimony;

in the charge to the jury, and that the verdict is against the weight of the evidence. The last ground afforded abundant reason, had there been none other, for the refusal of this court to review the judgment of the common pleas court in its reversal of the judgment of the probate court, and throws light also upon the understanding this court entertained of the purpose and effect of its entry reversing the judgment of the common pleas.

By a supplemental brief by the relator it is further insisted that the court of common pleas in its reversal of the probate court passed only upon jurisdictional questions, and that, after finding against the corporation on these questions, the court could not assume jurisdiction for the purpose of adjudicating questions which arose upon the trial to the jury in the probate court. The answer to this is implied in what has preceded, but we may add that, while at first blush this is a plausible proposition, with due respect we are clearly of opinion that it is not sound. Apparently it rests upon the assumption that the proceeding in the probate court was divided into integral and distinct parts. It was not. It was one case. The use of the term "jurisdictional," in this connection, is at least misleading. All the parties having been brought into court by proper process and the subject matter of the controversy being within the cognizance of the court by authority of the statute, that court was clothed with complete jurisdiction of the whole controversy, and it was not deprived of jurisdiction at any stage of the procedure, nor could it be. Its judgment rendered therein upon hearing, or hearing and trial, would be conclusive, and would finally settle the entire controversy unless carried higher. The question of the right to appropriate on the part of the corporation was a mixed question of law and fact, and the right to a preliminary order would depend on the evidence. A finding by a higher court that the probate court had erred as to the admission or legal effect of evidence did not in any degree affect the jurisdiction of that court or of the court of common pleas, and there would not be the slightest irregularity in the latter court, after reaching that result, going forward and considering the other assignments brought before it by the petition in error. Indeed, its duty (comformably with the spirit of Section 6709, Revised Statutes), would not be fully

performed until it had done just that. The question of juris-
diction was not involved; the question all the time was, had
the corporation made a case? So it results that the legal effect
of the judgment entry of the common pleas is to establish
that that court passed upon all the errors assigned.

The foregoing disposes also of the second proposition of the
supplemental brief, viz, that "when the common pleas found
against the corporation on the jurisdictional questions, the pro-
cedure was controlled by the general provisions of the code, and
not by Section 6438." As already stated, there was no juris-
dictional question involved in any sense that makes the matter
of jurisdiction pertinent here. We have not overlooked the
case of *A. & O. R. R. Co.* v. *Sullivant,* 5 Ohio St., 276, relied
upon by counsel. It is there held that where, in an appropria-
tion case, the probate court has held that there had not been
sufficient proof of organization in compliance with the require-
ments of the law and dismissed the proceeding, the review of
such a judgment might be had in the Supreme Court. Cer-
tainly. The corporation might have taken its case to the com-
mon pleas by *certiorari.* It chose to bring it directly to this
court. And the court, having undoubted power to do so, en-
tertained it, affirming the judgment. We fail to see how a
ruling in a case brought directly to this court, challenging a
final judgment of the probate court, in any wise affects a ques-
tion relating to a judgment of the common pleas, reversing the
probate court, which judgment was in legal effect, as we have
already found, interlocutory only. The judgment in the Sul-
livant case was a final judgment of the probate court which
was unaffected by Section 6438; we are concerned with a judg-
ment of the common pleas which was not final, and which is
controlled by the above section. We think the argument is
in no manner advanced by the ruling in the Sullivant case.
The same may be said respecting the late case of *Railway Co.* v.
*Cable Co.,* 68 Ohio St., 306, also cited by counsel. The doctrine
of these cases had pertinency as applied to the error case when
in this court, but we fail to see its application to the present
proceeding in mandamus.

It must be apparent, if we are correct in the conclusions al-
ready stated, that no case is made for a peremptory writ of
mandamus. The record not only fails to show a clear right to

the writ on the part of the relator, but it clearly shows that no right whatever exists. And here we might, with propriety, stop. But the record shows that, while the court of common pleas has given proper construction to the judgment of this court as the same bears upon the right of the relator to demand another hearing on the petition in error to the judgment of the probate court, it also shows that no hearing had been had in the common pleas after the cause was remanded with respect to the right and necessity of the appropriation. We are of opinion that, by force of the statute, it was incumbent on that court to take up the case *de novo,* and proceed as though it possessed original jurisdiction. This would require a hearing on the preliminary questions, and a jury trial to ascertain the amount of compensation and damages in case the preliminary questions were determined in favor of the company. But of course such hearing must precede the trial.

*Writ refused.*