HEID ET AL., BOARD OF EDN. OF LAWRENCE TWP., TUSCARAWAS COUNTY, APPELLANTS, *v.* HARTLINE ET AL., BOARD OF EDN. OF TUSCARAWAS COUNTY, ET AL., APPELLEES.

(No. 744—Decided December 10, 1946.)

*Mr. Clarence W. Ferrell,* for appellants.

*Mr. Arthur B. Cunningham,* prosecuting attorney, for appellees.

SHERICK, P. J. The cause as tried in the Court of Common Pleas was a suit in equity for injunction. The matter, however, comes to this court as an action on appeal on questions of law. Only such portions of the facts as appear in the agreed statement of facts as are necessary to display the error complained of will be set forth.

The members of the board of education of Lawrence township, Tuscarawas county, sought to enjoin the board of education of Tuscarawas county from carrying out a plan of territorial reorganization of subordinate school districts within the county, which plan the county board had initiated, prepared and adopted under authority of Sections 4831 to 4831-14, inclusive, General Code. Appellants plead and contend that the proposed plan was from its inception and is illegal and void, and that the county board and the state Superintendent of Public Instruction were without power or jurisdiction to proceed thereunder. The question presented is dependent upon the construction of Section 4831-1, General Code, and an agreed fact. The section reads:

"The plan of organization adopted by a county board of education shall be in writing and include the following:

"1. Definite and certain boundaries of any new school district to be created;

"2. Definite and certain boundaries of all territory to be transferred from one district to another;

"3. The number of pupils affected by each transfer of territory or creation of a new school district, showing:

"a. The grades attended by such pupils;

"b. The school district attended by such pupils."

The pertinent agreed fact is that the adopted plan did not contain any reference or matter responsive to subsection 3, *supra.* Appellees excuse the omission first by a concession that the word, "shall," insofar as it applies to subsections 1 and 2, *supra,* imposes a mandatory duty upon the county board to embody the matters, of which subsections 1 and 2 treat, in any such plan of organization; but conclude that the word, "shall," insofar as it relates to subsection 3, has the force and effect of the word, "may," and is merely directory, that the county board, in the exercise of its discretion and judgment had authority to disregard such provisions, and that observance of such provisions is not necessarily decisive of the proceedings' validity. Appellees' claimed construction is rather startling. However, the claim is not without partial precedent. Such a precedent is found in the early case of *Howard* v. *Shields,* 16 Ohio St., 184, 191, wherein, in an election contest, it was held that "such provisions may be considered directory for one purpose and vital for another."

37 Ohio Jurisprudence, 325, Section 28, states, as follows, what this court considers to be the guiding rule in such cases:

"Whether a statute is mandatory or directory does not depend upon its form, but upon the intention of the Legislature, to be ascertained from a consideration of the entire act—its nature, its character, its reason, its object, and its subject-matter, as well as the language used."

There exists another applicable rule of construction, which finds expression in *State, ex rel. Myers,* v. *Bd. of Edn.,* 95 Ohio St., 367, 373, 116 N. E., 516, and other state Supreme Court cases, that, whenever the word

"shall" or "may" is used in a statute and the rights and interest of the public or third persons depend upon the exercise of the power or the performance of the duty to which such word refers, it is to be construed as mandatory and not directory.

When such a word is employed in the granting of power and authority to an administrative body for the doing of certain acts, and the rights and interest of the public hinge upon the performance by that body of certain directed requirements, compliance with such legislative direction is mandatory. Performance of such legislative requirements is in fact the foundation of such body's power and authority to exercise jurisdiction over the subject matter on which the body presumes to act. If this were not true then such a body might as well be given *carte blanche* authority to exercise the power delegated in such fashion as it may deem expedient. This the General Assembly did not do.

It was intended by the enactment of subsection 3, *supra,* that any such subsequently planned county school system, adopted and advertised, should contain the matters designated. It was not left to the county board to legislate or to conclude upon its whim that the matters and things contained in the statute were not necessary and purely surplusage. Had the plan adopted contained those figures it would have advised the various local boards and the electorate that certain grades in certain schools would have only so many pupils left, and that to maintain the grades would be inadvisable, or that a certain school had a teacher or a school room that it no longer needed. It would have further advised the local board and the electorate of an old or newly created district of changed financial needs; that certain schools, both old and newly created, would require additional teachers; and that new school

rooms might become necessary, necessitating new structures, bond issues and increased tax levies. Surely that knowledge was of vital interest to the existing local boards and the county's electorate.

It is the conclusion of this court not only that the word, "shall," is mandatory, as it relates to subsection 3, *supra,* but that compliance with its requirement was indispensable in the plan of county school reorganization in order to confer upon the county board power and authority to do the thing contemplated, which is tantamount to the conferring of jurisdiction over the subject matter of county school organization.

The trial court concluded that the word, "shall," was mandatory, but that the appellants had waived the requirement, when they filed a remonstrance with the state superintendent after he had modified the plan and approved it as modified, for the reason that it did not set forth specifically therein objection to the plan's omission. Examination of that document however, discloses that it specifically raises such issues as would have been disclosed had the county board complied with the requirements of subsection 3, *supra.* It is observed that Section 4831-3, General Code, provides only for protest by the electorate to the county board; and that a local board's first opportunity to object to the plan is conferred by Section 4831-8, General Code, which objection is to the state superintendent after modification of the plan by him. Inasmuch as the state superintendent had denied a hearing on appellants' filed objections, the trial court held that the county board's subsequent actions, furnishing of maps to the county auditor for tax purposes, allocation of future tax collections and adjustment of outstanding indebtedness, were premature, but in the judgment entry those matters were left for subsequent correction. So stands the record.

328

It is the conclusion of this court that the trial court was wrong in its conclusion on the question of waiver and in its conclusion that the proceedings might subsequently be corrected. It is elemental that jurisdiction of the subject matter of any court or any administrative body can never be waived. A question as to such jurisdiction may be raised and asserted at any stage of a proceeding. The principle is so well settled that citation of authority is definitely unnecessary. Jurisdiction over the person, which may always be waived, is subject to entirely different rules. Estoppel cannot accomplish a waiver of jurisdiction of subject matter.

The requirements of Section 4831-1, General Code, not having been complied with, the county board was without authority, power and jurisdiction to adopt or promulgate the plan. The act in so doing was illegal and void from its inception, as were the acts of the state superintendent in respect thereto. This court holds, as was held in *Anderson* v. *Bd. of Edn.*, 137 Ohio St., 578, 31 N. E. (2d), 850, that "the county board of education has no power to modify or change a plan of organization previously adopted except in the same manner provided for its adoption."

The decree of the trial court in the respects noted must be reversed and injunction is allowed as was prayed for.

*Decree reversed.*

PUTNAM and MONTGOMERY, JJ., concur.