IN RE APPROPRIATION BY OHIO TURNPIKE COMMISSION.

(No. 329—Decided November 25, 1953.)

*Messrs. Newcomer, Newcomer & Shaffer,* for appellees.

*Mr. Lorin L. Hogue* and *Mr. Ray O'Donnell,* for appellant, Ohio Turnpike Commission.

DEEDS, J. This appeal on questions of law is from a judgment of the Court of Common Pleas of Williams County, dismissing the application of the appellant, Ohio Turnpike Commission, in proceedings for the appropriation of certain property of the appellees, Millard C. Stacey, Audrey Stacey and Paul E. Stacey.

The appellant, Ohio Turnpike Commission, and the appellees Millard C. Stacey, Audrey Stacey and Paul E. Stacey, will be referred to herein as the commission and the owners respectively.

The commission was created by legislative enactment as a "body both corporate and politic in this state," and the appropriation proceedings involved in this appeal were instituted pursuant to Sections 1204 to 1222, inclusive, General Code (Sections 5537.01 to 5537.99, Revised Code).

The dismissal of the application for appropriation and entering of the judgment under review here, resulted from the granting of the motion submitted by the owners on October 22, 1953, the date set by the court for the assessment by a jury of compensation for the property of the owners sought to be appropriated in the proceedings.

The pertinent portion of the motion of the owners for a dismissal, referred to above, is as follows:

"Now comes Millard C. Stacey, the owner of the real estate described in the application filed in this case, and on motion asks that this case be dismissed at this time, for the reason that the Turnpike Commission has not endeavored to agree with Millard C. Stacey as to the compensation to be paid by the commission for the property proposed to be taken as described in said application."

Prior to a ruling by the court on the above described motion by the owners, the commission submitted its motion containing the following:

"Now comes Ohio Turnpike Commission and moves the court to strike from the files the motion filed herein by the property owners on October 22, 1953, asking that the above appropriation case be dismissed. This motion to strike is upon the following ground:

"That the Court of Common Pleas has no authority or jurisdiction in this appropriation proceeding to pass upon or adjudicate the matters or questions raised in said motion."

The determinative part of the resolution attached to the application for the assessment of compensation is as follows:

"Resolution No. 402—1953 declaring the necessity of appropriating property and directing that proceedings to effect such appropriation be begun and prosecuted.

"Resolved that the commission has endeavored for a reasonable time to agree with the owner or owners of the property described herein as to the compensation to be paid therefor, but has been unable to agree with said owner or owners, and said property is needed for the construction and efficient operation of the Ohio Turnpike Project No. 1, and

"Be it further resolved that proceedings be begun and prosecuted to effect the appropriation of the following-described property, and the easements, rights, and restrictions hereinafter described, from the following-named owner or owners and persons having interests therein, to wit."

The journal entry embodying the judgment of the Court of Common Pleas under review by this court, determined, in effect, that the motion of the commission to strike the motion of the owners from the files was not well taken and should be overruled; that in the state of the proceedings then present, the burden was upon the commission and it was ordered to go forward and produce evidence, which the commission declined to do; that no evidence was adduced by the commission to show that it had endeavored to agree with the owners as to the compensation to be paid for the property sought to be appropriated; that no evidence was adduced by the owners in support of the owners' motion to dismiss; and that such motion to dismiss the application was well taken and the application was dismissed at the costs of the commission without prejudice.

The assignments of error of the appellant commission are as follows:

"1. The Court of Common Pleas erred in overruling the motion of appellant to strike from the files the motion filed by the property owners on October 22, 1953, asking that above appropriation case be dismissed.

"2. The Court of Common Pleas erred in ordering appellant to proceed with the evidence on the said motion filed by the property owners.

"3. The Court of Common Pleas erred in dismissing the application for appropriation filed in said cause by appellant.

"4. The judgment of the Court of Common Pleas is contrary to law."

The provisions of the Ohio Turnpike Act bearing directly upon the questions presented on this appeal are contained in Section 1208, General Code (Section 5537.06, Revised Code), and are as follows:

"(a) The commission shall endeavor to agree with the owner or owners, or the guardian or trustee of any owner, as to the compensation to be paid for the property.

"(b) If it is unable to agree with any owner within a time considered by the commission to be reasonable, it shall declare, by resolution, that fact and the necessity of appropriating the property of said owner, and direct that proceedings to effect such appropriation be begun and prosecuted; said resolution shall set forth the names and addresses, if known, of the owner or owners of said property and contain a description of the property sought to be appropriated; whereupon, proceedings to appropriate shall be begun, prosecuted and conducted as herein set out.

"(c) Such proceedings shall be begun and prosecuted either in the Probate Court or the Court of Common Pleas, as the commission may elect, of the county in which the property, or a part thereof, is situated, by filing application to which there shall be attached and made a part thereof, a copy of the resolution of the commission.

"* * *

"(e) A view of the premises shall be ordered

when demanded by a party to the proceedings. The owner or owners shall have the right to open and close the case.

"* * *

"(o) * * * All proceedings brought under this section shall be governed by the provisions of law applicable in civil actions in the Court of Common Pleas, except as otherwise provided herein shall be advanced as a matter of immediate public interest and concern, and shall be heard in all courts at the earliest practicable moment."

Section 1207, General Code (Section 5537.07 Revised Code), provides:

"The commission is hereby authorized and empowered to acquire by purchase, whenever it shall deem such purchase expedient, any land, property, rights, rights-of-way, franchises, easements and other interests in lands as it may deem necessary or convenient for the construction and operation of any turnpike project upon such terms and at such price as may be considered by it to be reasonable and can be agreed upon between the commission and the owner thereof, and to take title thereto in the name of the state."

The principle of law has been firmly established and adhered to in this state that enactments conferring power to exercise the right of eminent domain are to be construed strictly. *Powers* v. *Hazelton & Letonia Ry. Co.,* 33 Ohio St., 429; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Ohio Postal Telegraph Cable Co.,* 68 Ohio St., 306, 67 N. E. 890, 62 L. R. A., 941; *Village of Rockport* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,* 85 Ohio St., 73, 97 N. E., 133; *City of Cincinnati* v. *Louisville & Nashville Rd. Co.,* 38 Ohio St., 283, 102 N. E., 951; *McMechan* v. *Bd. of Edn. of Richland Twp.,* 157 Ohio St., 241, 105 N. E. (2d), 270.

The conditions precedent prescribed to be met by the commission by subdivisions (a) and (b) of Section 1208, General Code (Section 5537.06, Revised Code), a part of the Ohio Turnpike Act as quoted above, are in accordance with the long-established legislative purpose in this state, in grants of authority to appropriate private property under the constitutional power of eminent domain. The first enactment, containing a similar condition precedent requiring that an attempt be made by the condemnor to agree with the owner before appropriation proceedings were authorized, was in the year 1852. It is therefore, in our view, of great significance in a determination of the questions presented on this appeal that the decisions of the Supreme Court of the state in the interpretation of statutes conferring the power of eminent domain, since the first enactment more than a century ago, have uniformly been to the effect that such a condition precedent must be complied with before proceedings to appropriate the property of the owner can be consummated.

The rule of construction governing an interpretation of the provisions of the Ohio Turnpike Act relating to conditions precedent, in question here, as established by the decisions of the courts of this state, has been stated in 15 Ohio Jurisprudence, 948, Eminent Domain, Section 279:

"One of the conditions precedent to an appropriation proceeding is the inability of the corporation to agree with the owner of the property sought to be appropriated as to the compensation to be paid. The rule of this statute [Section 11039, General Code] is said to be based on the reason that the landowner should not be brought into court if an agreement can be reached, and also upon the further policy that such dispute should not take up the time of the courts un-

less and until there is an inability to agree. In the ordinary case, therefore, proceedings in appropriation can not go forward until it is made to appear that the parties can not agree. * * *

"* * *

"There must be a bona fide attempt to agree with the landowner; in the absence of such an attempt there is no right to appropriate. Thus, where the corporation makes the same offer for several parcels of different value, and mails the offers so late that no opportunity is given for consideration, or for counter offers, there is no right to appropriate. And the fact that the petition is pending for some time before it is heard does not change the situation.

"Inability to agree may be proven by testimony of a bona fide offer and a refusal thereof. The real inquiry on the question of inability to agree is said to be whether a definite offer was made to an owner who had knowledge of the general purpose for which the property was to be utilized and an opportunity to accept the same before being put to the annoyance and expense of litigation. A proposition should be made for a definite amount of ground for a definite sum of money. Where the court is satisfied that the corporation has made its last and best offer, and that this has been refused, there is an inability to agree within the meaning of this statutory requirement.

"No special or set form of words is necessary to prove inability to agree, but acts showing a desire to agree and an effort in that direction may be quite as convincing as speech.

"The question is ordinarily one to be determined from the facts of the individual cases."

The decisions of the Supreme Court of the state are in support of the foregoing statement. See *Powers* v. *Hazelton & Letonia Ry. Co., supra; Cleveland, Cincin-*

*nati, Chicago & St. Louis Ry. Co. v. Ohio Postal Telegraph Cable Co., supra; Village of Rockport v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co., supra; City of Cincinnati v. Louisville & Nashville Rd. Co., supra; Parkside Cemetery Ass'n. v. Cleveland, Bedford & Geauga Lake Traction Co., 93 Ohio St., 161, 112 N. E., 596.*

The decisions of the courts of last resort in many of the states of the United States are in harmony with the rule of interpretation adopted by the court of last resort in this state, as is clearly indicated by authoriative publications on the subject of eminent domain.

In 6 Nichols on Eminent Domain (3 Ed.), 52, Section 24.62 [1], we find the following statement:

"It is, of course, perfectly competent for the Legislature to grant the power of eminent domain subject to the condition that the required land can not be obtained by purchase, and, in such a case, unless there is a bona fide attempt on the part of the condemnor to induce the owner to sell the land at a reasonable figure, the condition under which the power is granted is not fulfilled, and in such case any attempted exercise of eminent domain is unauthorized and consequently void and of no effect. It has been held that such condition may arise by statutory implication. Compliance with such condition is usually deemed mandatory and involves a question of jurisdiction. Such statutes raise no questions of law except to define what constitutes a bona fide attempt to purchase the land. It has frequently happened that a Legislature, in granting the power of eminent domain, while not specifically providing that the power shall not be exercised unless the necessary land can not be secured by purchase, has enacted that if the corporation is unable to obtain the necessary land by purchase it may take

the same in a manner more particularly set forth. Under such statutes, when the sole authority to exercise eminent domain is given in this manner, it is generally held that a bona fide attempt to purchase the land by agreement between the parties and a failure so to do is a condition precedent to the initiation of condemnation proceedings, and that failure to comply with this requirement renders any subsequent proceedings void. This attempt and failure must appear on the record as a foundation of the jurisdiction invoked.''

A succinct statement of the rules of law applicable to the question being considered is found in 2 Lewis on Eminent Domain (3 Ed.), 893, Section 497:

''Statutes conferring the power of eminent domain usually require that an attempt shall be made to agree with the owner of property desired, before instituting proceedings to condemn it. In whatever form of words this direction is couched, it is generally held to be imperative, and a condition precedent to the exercise of compulsory powers. It is generally held that the inability to agree should be alleged and proven.''

Counsel for the commission assert that the Ohio authorities relate to the taking of private property by private corporations under a statute that specifically provides for a judicial determination of preliminary questions and that no such provision is made in the Ohio Turnpike Act. *Powers* v. *Hazelton & Letonia Ry. Co., supra,* arose under an act which made no provision for determination of preliminary questions, but, nevertheless, the Supreme Court held that it was essential that the company seeking a judgment of condemnation should show that it had complied with the law giving it the right to exercise the power of eminent domain.

It is therefore clear to this court, and we so find, in harmony with a prior pronouncement by the court in

an opinion by Fess, P. J., involving this and associated proceedings, that subdivisions (a) and (b) of Section 1208, General Code, quoted above, prescribe mandatory conditions precedent, a compliance with which is incumbent upon the commission before it has the authority as provided in subdivision (b) to declare by resolution the matters therein prescribed and direct that the appropriation proceedings shall be begun.

The discretion accorded the commission by subdivision (b) of Section 1208, General Code, that "if it [the Commission] is unable to agree with any owner within a time considered by the commission to be reasonable, it shall declare, by resolution, that fact and the necessity of appropriating the property of said owner," does not relieve the commission from the duty of making a bona fide endeavor (as provided clearly in subdivision [a]), to agree with the owner as to the amount of compensation to be paid for the property, before directing that proceedings to effect the appropriation be begun and prosecuted.

We determine that the motion of the owners for a dismissal of the application in the Court of Common Pleas raised the question of the jurisdiction of the Court of Common Pleas over the subject matter of the action and that, therefore, it was within the discretion of the court to make inquiry concerning its jurisdiction, and to also make a determination of that question.

A general statement of the law in the United States applicable to the situation presented by the motion of the owner to dismiss is found in 14 American Jurisprudence, 385, Courts, Section 191:

"Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide

on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer or at any subsequent stage of the proceedings; in fact, it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject matter even if no objection is made. Therefore, whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case.''

The rule is also firmly established in this state. See 11 Ohio Jurisprudence, 671, Courts, Section 28, where it is stated:

''Objections for want of jurisdiction of the subject matter may be raised at any stage of the proceedings. The objection that the court has no jurisdiction of the subject of the action will not be waived by failure to raise such objection by demurrer or answer. Where it appears upon the face of the record that the court has no jurisdiction of the cause, the failure to set up the want of jurisdiction by plea is no waiver of the objection.''

In 2 Ohio Jurisprudence, 309, Appellate Review, Section 154, it is said:

''While a court may acquire jurisdiction over parties by their consent, yet parties can not confer jurisdiction on a court as to subject matter, for the reason that the court can derive its general jurisdiction only from the power which created it. Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own juris-

diction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer, or at any subsequent stage of the proceedings; and in fact it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject matter, even if no objection is made, and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case.''

See, also, 31 Ohio Jurisprudence, 873, Pleading, Section 283; *Big Cuyahoga Light, Heat & Power Co.* v. *Turner, Vaughn & Taylor Co.,* 17 C. C. (N. S.), 34, 28 C. D., 487; *Heid et al., Bd. of Edn. of Lawrence Twp.* v. *Hartline et al., Bd. of Edn. of Tuscarawas County,* 79 Ohio App., 323, 73 N. E. (2d), 524; *Steamboat General Buell* v. *Long,* 18 Ohio St., 521; *Canton Provision Co.* v. *Gauder, a Minor,* 130 Ohio St., 43, 196 N. E., 634; *State, ex rel. Young,* v. *Morrow, Judge,* 131 Ohio St., 266, 2 N. E. (2d), 595; *Wisner* v. *Probate Court of Columbiana County,* 145 Ohio St., 419, 61 N. E. (2d), 889; *State, ex rel. Greenstein,* v. *Clifford et al., Judges,* 146 Ohio St., 78, 64 N. E. (2d), 62, Certiorari denied, 327 U. S., 795, 90 L. Ed., 1021, 66 S. Ct., 823.

We hold that the certified resolution attached to the application raises an inference to the effect that the allegations contained in the same are true and is, therefore, sufficient to make prima facie proof of those facts, but that such resolution and the statements contained in same are not conclusive against any and all inquiry by the property owner, to show that the statement that the commission endeavored to agree with the own-

er is not in fact true. We hold further that if it should be made to appear from evidence to the reasonable satisfaction of the court, that the commission has not made a bona fide endeavor to agree with the owner prior to the passage of the resolution and the commencement of the proceedings, then the commission is without authority and the proceeding must fail.

We also determine in effect that, before the commission can make the declaration and direct that the proceedings to appropriate the property be begun, it is required to make a reasonable, bona fide endeavor to agree with the owner, although any such lack of endeavor claimed to exist must appear from evidence of such character and weight as to overcome or outweigh the prima facie showing afforded the commission by the certified resolution.

We hold also, in view of the provision outlined in subdivision (c) of Section 1208, General Code, that such proceedings shall be begun by filing the application, to which there shall be attached and made a part thereof a copy of the resolution of the commission and, in view of the further provision in the act that the owner shall have the right to open and close the case, that if such resolution is regular in all respects, in compliance with the requirements of the act relating to same, in that situation at the commencement of the trial of the case, the burden is upon the owner to go forward and first produce his evidence.

We have considered all the assignments of error and it necessarily follows from the findings stated in this opinion, that the Court of Common Pleas was acting within the sphere of its legitimate discretion in its rulings on the motions presented and that, therefore, the judgment of that court should be and is affirmed.

*Judgment affirmed.*

Fess and Conn, JJ., concur.