THE ATLANTIC AND OHIO RAILROAD COMPANY *v.* MICHAEL
L. SULLIVANT AND OTHERS.

A petition in error may be entertained in the Supreme Court, to revise the
judgment of the probate court, in a proceeding for the appropriation of land
by a railroad corporation for its right of way.

The *existence* of a railroad corporation, and the *right* to make an appropriation
of land for its road-way, under the statute authorizing and regulating such
corporations, passed May 1st, 1852, depend on the legal validity of the cer-
tificate and public record of its organization.

In a proceeding for the appropriation of land by a railroad corporation, and
the estimating of the compensation to be paid to the owner, it is essential
that the company give evidence of a certificate or public record of its or-
ganization in accordance with the provisions of the statute.

PETITION in error to reverse the judgment of the Probate
Court of Franklin county.

The original proceeding was instituted in the court below,
April 19, 1854, by an association of persons under the name and
style of " The Atlantic and Ohio Railroad Company," as a corpo-
ration, to appropriate the right of way for a part of the road
of the plaintiff through Franklin county, and also to obtain earth
for the construction of said road.  The statement and application
for the assessment of damages had been duly filed, and such pro-
ceedings were had before the probate court, that a jury was empan-
neled, and after an actual view of the premises sought to be
appropriated, the cause came on for trial before the court and
jury, and witnesses were examined, and the plaintiff gave in evi-
dence the certificate of its organization as a corporation.   On
behalf of the defendants, a motion was made to rule out the cer-
tificate, for insufficiency and non-compliance with the statute
authorizing such certificate.   This motion was sustained, and the
certificate ruled out.   And, afterwards, on motion of defendants,
the proceeding was dismissed for the want of any competent
showing of the due organization and existence of the plaintiff as
a corporation.

The certificate of the organization of the corporation, separate from its due acknowledgment and authentication, was as follows:

### "THE ATLANTIC AND OHIO RAILROAD COMPANY.

" The undersigned, citizens of Franklin county and State of Ohio, associating themselves together for the purpose of constructing a railroad, according to an act of the general assembly of said State, entitled ' an act to provide for the creation and regulation of incorporated companies in the State of Ohio,' passed May 1, 1852, do certify:

"First. That the name of said company shall be ' The Atlantic and Ohio Railroad Company.'

"Second. That the termini of said road shall be a point on the Ohio and Pennsylvania State line, in the county of Trumbull, in said State of Ohio, and a point on the Ohio River in same State, in the county of Brown or Adams. And that said road shall pass through the following named counties in said State of Ohio, viz: Trumbull, Mahoning, Portage, Stark, via the town of Massillon, Wayne, it may be Holmes, Knox, Licking, Franklin, via the city of Columbus, or near thereto, Pickaway, or it may be Fayette and Madison, or one of them, Ross or Highland, and it may be through each of them, Pike, it may be Brown or Adams.

"Third. The amount of capital stock necessary to construct said road is six millions of dollars.

|  |  |
|---|---|
| " WM. NEIL, | [Seal.] |
| " JOHN MILLER, | [Seal.] |
| " JOHN F. BARTLIT, | [Seal.] |
| " JOHN L. GILL, | [Seal.] |
| " S. MEDARY, | [Seal.] |

" Columbus, June 18th, 1853."

The act to provide for the creation and regulation of incorporated companies in the State of Ohio, passed May 1st, 1852, provides:

" Sec. I. That any number of natural persons, not less than five, may become a body corporate, with all the rights, privileges and powers conferred by, and subject to all the restrictions of this act.

" Sec. II. That any number of persons as aforesaid, associating to form a company for the purpose of constructing a railroad, shall, under their hands and seals, make a certificate, which shall specify as follows:

" 1st. The name assumed by said company, and by which it shall be known.

" 2d. The name of the place of the termini of said road, and the county or counties through which such road shall pass.

" 3d. The amount of capital stock necessary to construct said road.

" Such certificate shall be acknowledged before a justice of the peace, and

certified by the clerk of the court of common pleas, and shall be forwarded to the secretary of State, who shall record and carefully preserve the same in his office, and a copy thereof duly certified by the secretary of State, under the great seal of the State of Ohio, shall be evidence of the existence of said company.

"SEC. III. That when the foregoing conditions have been complied with, the persons named as corporators in said certificate are hereby authorized to carry into effect the objects named in said certificate, in accordance with the provisions of this act; and they and their associates, successors and assigns, by the name and style provided in said certificate, shall thereafter be deemed a body corporate, with succession, with power to sue and be sued, plead and be impleaded, defend and be defended, contract and be contracted with, acquire and convey at pleasure, all such real and personal estate as may be necessary to carry into effect the objects of the incorporation, to make and use a common seal, and the same to alter at pleasure, and do all needful acts to carry into effect the object for which it was created, and such company shall possess all the powers and be subject to all the rules and restrictions provided by this act.

"SEC. IV. Said corporation shall be authorized to construct and maintain a railroad with a single or double track, with such side tracks, turn outs, offices and depots, as they may deem necessary between the points named in the certificate, commencing at or within, and extending to or into any town, city or village named as a place of the termini of such road, and construct branches from the main line to other towns or places within the limits of any county through which said road may pass."

On behalf of the plaintiff it is insisted that the certificate of organization was sufficient, and that the court below erred in ruling it out.

On behalf of the defendants it is claimed that the Supreme Court has no jurisdiction to review, on petition in error, the judgment of the probate court; and that the certificate of the company was insufficient and void, and that a valid certificate was essential to enable the plaintiff to institute the proceeding in the court below.

*P. B. Wilcox* and *John W. Andrews,* for plaintiff.

*Page & Renick,* for defendant Sullivant.

*Warden & Smith,* and *Dresel,* for defendant Jaeger.

BARTLEY, J.   In accordance with the settled rule of interpre-

tation, that remedial statutes must be construed liberally, the provisions of the code of civil procedure, relating to error in civil cases, authorize a petition in error in the Supreme Court, to revise the action of the probate court, in the special proceeding for appropriating lands, and estimating the compensation to be paid the owner by a railroad corporation.

The *right* of persons associated as a company for the purpose of constructing a railroad, by virtue of the statute providing for the creation and regulation of incorporated companies in the State of Ohio, enacted May 1, 1852, *to appropriate private property* by the exercise of the right of eminent domain, for the purposes of their road, *depends on the sufficiency and legal validity* of the certificate and public record of the organization from which they derive their corporate powers.

It is essential to the validity of such certificate of organization, that certain and definite points be named or described therein as the *termini* of such road, and also each county in the State through which such road is to be located and constructed. And where such certificate has left the company the discretion to select through which of several counties named, the road may be constructed, and also provided simply that the *termini* of such road shall be a point, not designated, on the Ohio and Pennsylvania State line in the county of Trumbull, and a point, not designated, on the Ohio river in either the county of Brown or the county of Adams, in the State of Ohio, it is void for want of conformity to the statute.

In such proceeding for appropriating land, and estimating the compensation to be paid the owner, it is incumbent on the company, in order to show its right to make the appropriation, to give evidence of a certificate and public record of its organization in strict compliance with the requirements of the law.

*Judgment of the probate court affirmed.*

Swan, J., having formerly been of counsel, did not sit in this case.