Summers, J.
The questions presented are questions of practice in appropriation proceedings by a private corporation.
The principal contentions on the part of counsel for plaintiff are: First, Error cannot be prosecuted to review the determination of the preliminary questions by the probate judge; Second, If error lies, a motion for a.new trial is necessary; Third, If a motion for a new trial is not necessary, still the petition in error must be filed within thirty days from the determination of the preliminary questions; and Fourth, The filing of the certificate mentioned in section 3280, Revised Statutes, is not a condition precedent to the right to make an appropriation.
Section 6420, Revised Statutes, provides that the probate judge shall hear and determine the questions *161 of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation, and that upon these questions the burden of proof shall he upon the corporation. Section 6421, Revised Statutes, provides that if the judge determines these questions for the corporation he shall issue an order and a venire for a jury. • Section 6422, Revised Statutes, reads: “The owners of each separate parcel, right, or interest, shall he entitled to a separate trial by jury, verdict, and judgment. They shall hold the affirmative on the trial, which shall be conducted, and evidence shall he admitted, and hills of'exception may he taken, as provided in civil actions.” Section 6437, Revised Statutes, provides that either party may file a petition in error in the court of common pleas within thirty days from the rendition of the final judgment in the probate court and that the proceedings in error shall he conducted as in civil actions, and that notwithstanding the pendency of the proceedings in error, the corporation may, on the rendition of the final judgment in the probate court, pay into that court the amount of the judgment and proceed to enter upon and appropriate the property. And section 6438, Revised Statutes, provides that if the court of common pleas reverse the judgment, it shall retain the cause for trial and final judgment, as in other cases.
The contention is, that these sections provide for two separate proceedings: First, A finding and determination of the right to appropriate; and, Second, A trial in which compensation and damages are assessed; that the taking of a hill of exceptions ■on the trial only is provided for, and that corn *162 sequently error to proceedings on the trial only is contemplated.
The constitution of 1851 restricted the exercise of the right of eminent domain. Theretofore the compensation, if any, was assessed hy a commission, or commissioners, and a deduction made of the benefits, and the commissioners generally found the benefits equal to the value of the property taken [Kramer v. Cleveland & Pittsburgh Railroad Co., 5 Ohio St., 140; The Toledo, Ann Arbor & Northern Michigan Railway Co. v. Toledo & Michigan Belt Railway Co., 3 Circ. Dec., 566; 6 C. C. R., 521; Willyard v. Hamilton, 7 Ohio, pt. 2, 111;] but thereunder compensation was required to be assessed by a jury, and without any deduction for benefits, and it made necessary new legislation on the subject of appropriation. Accordingly, on April 30, 1852, an act was passed (50 O. L., 201) providing the mode of procedure. It provided when the corporation was unable to agree with the owner upon the compensation to he paid, it should file a statement with the probate judge, and then provided for a jury for a view of the premises, and thereafter for a trial, to be conducted in the same manner that the trial of civil causes is conducted in the court of common pleas. Section 9 of that act reads as follows: “All proceedings hereinafter provided for in the probate court shall he open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas; and either party may take the same up to the court of common pleas of the proper county, .on a writ of certiorari, which shall be issued of course by the clerk thereof, upon the filing of a precipe, in which case such exceptions, signed and sealed by *163 the prohate judge, shall be taken and considered as a part of the record of such proceedings.” It was also provided that if the court of common pleas reversed the judgment, it should retain the case for trial, and other provisions were made which it is not necessary to notice.
In 1872, the act of 1852, with numerous amendments which had been made thereto, was repealed, and its provisions, together with such new provisions as time and the increasing number of applications had shown to be desirable,, were comprised in a new act (69 O. L., 88). This act for the first time provided for a preliminary hearing. Section 3 of the act provided that the probate judge, before issuing a venire for a jury, should proceed to inquire and determine the questions which he is now by section 6920, Revised Statutes, required to hear and determine, and that the corporation should satisfy the court affirmatively by satisfactory proof; and section 12 of this act provided: “All the proceedings herein provided for in the probate court, shall be open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas; and either party may file a petition in error in the court of common pleas of the proper county, within thirty days from the rendition of the final judgment in the probate court, and thereupon the proceedings in error shall be proceeded in, in all respects, as is now provided by law in like cases.” This is as broad as section 9 of the original act, and while that act did not provide for a preliminary hearing on the questions;of the corporate existence of the corporation, its legal right to make appropriation of private property, its inability to agree with *164 the owner, and the necessity of the appropriation, still all of them, excepting the last [and that Ranney, J., in Giesy v. C. W. & Z. Railroad Co., 4 Ohio St., 308, 324, said ought to he there,] were in the case, and they were subject to review. Atlantic & Ohio Railroad Co. v. Sullivant, 5 Ohio St., 276; Atkinson et al. v. M. & C. Railroad Co., 15 Ohio St., 21; Powers v. Railway Co., 33 Ohio St., 429; Giesy v. C. W. & Z. Railroad Co., 4 Ohio St., 308.
The provisions of this act were carried into the revision of the statutes of 1880, and while, looking alone to section 6422, it may appear that bills of exception on the trial only are provided for, yet no reason for and no purpose to so change the law is apparent, and it is therefore to be presumed that such was not the intention. Indeed, the commissioners who revised the statutes refer to section 12 of the act of 1872 as one of the sources of section 6222. The fact that the burden of proof is on the corporation on the hearing of the preliminary questions and that the property owner has the affirmative on the trial is of no significance in determining the right to review. In providing that the property owner should have the affirmative the legislature was conferring a privilege and not imposing a burden. 52 O. L., 51.
Again, if the determination of these questions for the corporation may not be reviewed, neither may a determination against it, and it hardly will be contended that the legislature intended to make a great public improvement depend, without possibility of review, upon the sole determination of the probate judge as to the legal right of the corporation to make appropriations of property or as to the necessity of the taking of a particular property.
*165 Legal attainments are not among the statutory qualifications of the incumbents of that office and many of them have not had a legal training and are not attorneys at law. That the determination of these questions was confided to the probate judge because of especial fitness and not from considerations of convenience and that therefore his determination of them was intended to be final, is not warranted, we think, and for the consideration following. Soon after the passage of the act of 1852 it was amended so that in the event the probate judge was interested it was his duty to certify the proceedings to the court of common pleas, where it was provided these questions should be determined and all the proceedings be had, and it was provided that. an appeal might be taken to or error prosecuted in the district court. The reason the proceedings were to be commenced originally in the probate court is that it was thought the public interests required a speedy remedy. At that time there were many counties without a resident common pleas judge, and that court met only at stated terms, while in each county there was a probate court.
The next question is whether it is necessary in order that the determination of the preliminary questions may be reviewed on error to file a motion for a new trial. Section 6411, Eevised Statutes, provides that “The provisions of law governing' civil proceedings in the court of common pleas shall, so far as applicable, govern like proceedings in the probate court,” when there is no provision on the subject in the title relating to procedure in the probate court. Section 5305, Eevised Statutes, defines, *166 new trial. “A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision of the court. ’ ’ An appropriation proceeding is not a civil action, but a special proceeding. Section 6416 prescribes what the petition in such proceedings shall contain, and section 6420 provides that the probate judge shall hear and determine the questions therein specified. Section 6415 provides that appropriations can be made only when the corporation is unable to agree with the owner as to the compensation to be paid for the property. It is proper, but not necessary, to aver in the petition the fact that the corporation and the owner are unable to agree, and it is not necessary that this and the other questions to be determined by the probate judge be put in issue by any pleading, and whether denied or not they do not present issues of fact, but are conditions precedent, prescribed by the legislature, to the right of eminent domain, or to the exercise of such right, and the determination of them by the probate judge is not a trial within the meaning of the statutes relating to motions for a new trial, and a motion for a new trial is not necessary to a review of the determination of these questions.
The next contention is, that the petition in error to review the determination of these preliminary questions must be filed within thirty days from the time of their determination.
We have already referred .to section 6437, and it has been held, and we think correctly, in the circuit courts of the first and sixth circuits, in well considered opinions by very able'judges, that the final judgment here referred to is the judgment confirm *167 ing the verdict. The Cincinnati, Jackson & Mackinaw Railroad Co. v. Barcalow, 2 Circ. Dec., 413; 4 C. C. R., 49; The Toledo, Ann Arbor & Northern Michigan Railway Co. v. Toledo & Michigan Belt Railway Co., 3 Circ. Dec., 566; 6 C. C. R., 521. The determination of the preliminary questions by the probate judge is not a final judgment any more than is an order sustaining or overruling a demurrer. Of course, if the probate judge should determine these questions against the expropriator and then enter a judgment' dismissing the petition, that would be a final judgment from the rendition of which either party might within thirty days file a petition in error. That the preliminary hearing is merely one step in the proceeding and that the legislature did not contemplate separate proceedings in error as to the preliminary hearing and the trial, is all very clear when the acts of 1872 and 1852 are considered. The source of all the confusion is the revision of the statutes. No change in the law was intended, but the transposition and abbreviation of parts of the act of 1872 were for the purpose of scientific arrangement and revision. There are other questions of practice that are not settled by the statutes, and they, so far as appears from the reported cases, still are, after fifty years, unsettled, although the obscurity of the statute was regretted hy Eanney, J., in Giesy v. C. W. & Z. Railroad Co., 4 Ohio St., 308. When and how are exceptions to matters on the preliminary hearing to be saved, under section 5298 or section 5301, and is the time limited by the time for filing a petition in error? And, although a motion for a new trial be unnecessary, may objections to what transpired at the pre *168 lirainary hearing be made ground for a motion fob a new trial, and, if so, then is the time of the overruling of the motion the time from which the time for taking a bill of exceptions is to be computed? And may a bill of exceptions relating to the trial be taken within the time fixed by the civil code, or must it be within the time limited for the filing of the petition in error? And if the common pleas court reverses the judgment of the probate court solely on the ground of errors on the trial, may or must there be another hearing and determination of the preliminary questions? Or vice versa, if the court of common pleas reverses the judgment solely on the ground of error in the determination of the preliminary questions, may or must there be a new trial on the questions of compensation and damages? Questions of practice, like innumerable others, that might be settled by a few lines in a statute, but which those who encounter them have been too indifferent to endeavor to have remedied or prefer to keep as an asset in their warehouse of valuable experience.
Counsel for plaintiff contends that the court could not have reached the conclusion it did in The Covington & Cincinnati Bridge Co. v. Magruder, 63 Ohio St., 455, excepting upon the assumption that the determination of the preliminary questions is not subject to review, while counsel for defendants as conclusive of the rights to review rely upon the later cases — The C. C. C. & St. L. Railway Co. v. The Ohio Postal Telegraph Cable Co., 68 Ohio St., 306; The State ex rel. v. The Judges, 69 Ohio St., 372. It appears from the record in the first case that the Bridge Company filed its petition in *169 the prohate court to appropriate certain land. March 6, 1896, the probate judge determined the preliminary questions for the company. The defendant excepted, and on March 9, within three days, filed a motion for a new trial, which was overruled on April 6, to which defendants excepted, and on May 6, within thirty days, a bill of exceptions containing all of the evidence on the preliminary hearing was allowed, signed, and ordered made a part of the record. The jury returned a verdict on April 30. A motion for a new trial was filed on May 2, within three days, overruled on June 23, and on that day a judgment of confirmation was entered and a bill of exceptions taken and filed. In the court of common pl'eas a motion to strike from the files the bill of exceptions taken , on the preliminary hearing was made and overruled. This action of the court was assigned as error in the circuit court and in this court, the contention of counsel being that a motion for a new trial was not necessary and that the bill not having been allowed within fifty days from the determination of the preliminary questions, was not taken in time. A further statement of the ease will be found in the official report. The objection to the bill of exceptions is not noticed in the opinion, but the question was made, and, as the question determined seems to have depended on the bill, the case may be considered authority for the conclusion that although it is not necessary to file a motion for a new trial, or rehearing, of the preliminary questions by the probate judge, yet, when such motion is filed within three days from such determination, the time for taking a bill of exceptions, as to matters assigned in the motion as grounds for a new trial, is to be *170 computed from the day that the motion for a new trial is overruled, and is in accord with the rule established in Weaver v. The C. S. & H. Railway Co., 55 Ohio St., 491.
The opinion in the case of The Covington & Cincinnati Bridge Co. v. Mag ruder et al., supra, is not to be interpreted as authority that the preliminary questions determined by the probate judge may not be reviewed. ' Such an interpretation would bring the case in direct conflict with the first paragraph of the syllabus *in the later case of State ex rel. v. The Judges, 69 Ohio St., 372. In the Bridge Company case the common pleas court when it reversed the judgment of the probate court for error in the determination of the preliminary questions and for error in overruling the motion of plaintiffs in error to set aside the verdict of the jury and for a new trial, did not retain the case for hearing and trial, but, as is plainly pointed out in the opinion, without hearing the preliminary questions “upon further consideration of the' ‘ petition in error, the record and proceedings of the probate court and the argument of counsel’ found that there existed no right nor necessity for the appropriation of the interest of the defendants in the described property, and thereupon rendered final judgment.” When a judgment is reversed by the court of common pleas for error in the determination of the preliminary questions the court of common pleas must retain the case and hear and determine these questions de novo, and it is clearly error for it to determine them upon the evidence in the record of the hearing before the probate judge, unless the parties see proper so to submit them, and in the Bridge Company case *171 it does not appear that they did, hnt on the contrary that the defendant in error, the Bridge Company, excepted to the court making any finding. This action of the court in determining without a hearing that there was no right nor necessity for the appropriation, and in dismissing the petition without retaining the case for a hearing and trial, is the error pointed out in the fore part of the opinion in that case, and the opinion so interpreted is consistent with the ruling in The State ex rel. v. The Judges, supra.
The next question is whether the filing with the secretary of state of the certificate specified in section 3280, Eevised Statutes, is a condition precedent to the right to construct the branch road therein authorized.' The petition avers that such certificate had been made and filed, but the record shows no proof of such facts.
Section 3280, Eevised Statutes: “A company may construct branches from the main line to towns or places within the limits of any county through or into which its road passes, .or to a connection with any railroad which is or may be built within this state, or to any coal or other mine, stone quarry, plastic clay, pottery clay and fire clay pit or banks, ore or shale banks, if, at a meeting of the stockholders called for that purpose, the holders of a majority of the capital stock of the company, by a vote, in person or by proxy, so determine; and upon such determination the president and directors shall make and acknowledge a certificate setting forth the facts, and file the same with the secretary of state.”
The contention is that .this provision of the statute is merely directory; that compliance with it is *172 not made a condition precedent to the right to construct the branch road; and, therefore, that the right may be questioned only in a proceeding in qua warranto.
Counsel say: “In respect to the organization of a corporation in Ohio, section 3239 provides, that ‘upon such filing of the articles of incorporation, the persons who subscribe the same, etc., shall thereafter be deemed a body corporate. ’ Of course, until such filing under that section the subscribers would not be a corporation.
“So in case of amendments to the articles of incorporation, allowed by section 3238a, provision is made for the filing of a certificate of such amendment with the secretary of state; then follows the provision that ‘no such amendment shall take effect until filed for record with the secretary of state as herein provided.’
“For the filing of the certificate of the amendment with the secretary of state is a condition precedent.
“Section 3273 provides that, ‘when a change of line or termini is made a duly authenticated copy of the same shall be filed with the secretary of state/ and ‘when so filed such change shall be considered as made. ’
“Here is evidently a condition precedent, without which the change cannot be considered as made.”
The legislative policy seems to be not merely to direct filing with the secretary of state, but to make such requirement a condition precedent, and in view of such policy we are not at liberty to be hypercritical of the language used or to assume that if such was the intention another “if” would have been used, *173 for all as well as part of the sentence that follows the “if” may he predicated upon it.
Section 3237 requires the articles of incorporation of a railroad company to set forth the termini of its road and the counties in or through which it or its branches shall pass, and if the line or termini are changed the change must be described in the resolution providing for it and a copy must he filed with the secretary of state and be by him recorded “with the proper reference on- the record of the articles of incorporation, and, when so filed, such change shall he considered as made.” If, when the construction of branches is proposed as a part of the original improvement, it is a condition precedent that they he described in the articles of incorporation, or when a change of line or termini is desired, it is a condition precedent that it he certified to the secretary of state, is it not equally important that a subsequent determination to construct branches he so certified?
No question is made as to the time within which either of the hills of exceptions was taken, and as the record shows an exception to the determination of the preliminary questions and that the defendants “are allowed the statutory time to prepare and have allowed a hill of exceptions, ’ ’ and as one was taken on the twenty-seventh day, we are not called upon to determine whether the hill taken on the overruling of the motion for a new trial was taken in time to preserve the exceptions on the preliminary hearing.
It appearing, therefore, that no proof was offered of the making and filing of a certificate of the deter- *174 urination to build the branch road, the judgment of the circuit court reversing the judgment of the common pleas court is

Affirmed.

Davis, C. J., Shauck, Price, Crew and Spear, JJ., concur.