IN RE APPROPRIATION OF EASEMENTS FOR HIGHWAY PURPOSES: DIRECTOR OF HIGHWAYS, APPELLANT, *v.* SPICE ET AL., APPELLEES. IN RE APPROPRIATION OF EASEMENTS FOR HIGHWAY PURPOSES: DIRECTOR OF HIGHWAYS, APPELLANT, *v.* INCORVAIA ET AL., APPELLEES.

(Nos. 5292 and 5293—Decided January 23, 1963.)

*Mr. Mark McElroy,* attorney general, *Mr. Felix S. Mika* and *Mr. Thomas J. Lowrey,* for appellant.
*Mr. James A. Poland* and *Mr. Bert L. Wolstein,* for appellees.

HUNSICKER, J. The Director of Highways of the state of Ohio filed in the Common Pleas Court of Summit County two separate resolutions and findings to appropriate property from a Mr. and Mrs. Floyd G. Spice and a Mr. and Mrs. Phillip Incorvaia. More than 30 days elapsed after service of such resolutions on the parties from whom land was sought to be appropriated, before the parties filed separate petitions indicat-

ing their "intention to appeal from the final order of the Director of Highways."

On July 11, 1962, one day after the filing of the petitions by the parties Spice and Incorvaia, a journal entry granting the appropriation and fixing the value of the lands appropriated was filed in each case by the Director of Highways.

On July 16, 1962, the Director of Highways filed a motion in each case to strike the petition, named above, from the files, on the ground that the petition in appeal was not filed within the 30-day period as set out in Section 5519.02, Revised Code.

On July 24, 1962, the parties Spice and Incorvaia each filed, in the trial court, separate motions to dismiss the "proceedings herein, for the reason that * * * the court does not have jurisdiction over the subject matter of the action."

Thereafter, a hearing was had on these motions, and the trial court entered in each case an order that the resolution and finding, as filed by the Director of Highways, did not comply with the requirements of Section 5519.01 of the Revised Code of Ohio, in that it did not contain a definite, accurate, and detailed description of the property sought to be appropriated, and that therefore the Director of Highways had failed to take the necessary steps in order that the trial court might establish its jurisdiction over the subject matter of the action.

We do not know what, if any, evidence bearing on the subject of the description of the lands sought to be appropriated was presented to the trial court. It may be that no evidence was presented, other than the description contained in the papers filed in these cases; it may be that other evidence, showing the inaccuracy of the claimed true description, was presented. There is no bill of exceptions in either case. In the absence of a bill of exceptions we must presume that the trial court had before it evidence which justified the conclusion reached in each of these cases.

We are not called upon in these cases to determine what sort of a description is a "definite, accurate, and detailed description," as called for by the statute, because absent a bill of exceptions we never reach that question.

We are called upon, however, to determine whether the failure to have set out in the resolution and finding, as filed by

the Director of Highways, a "definite, accurate, and detailed description" of the property sought to be appropriated is a matter which deprives the trial court of jurisdiction to proceed in the premises.

Section 19, Article I of the Constitution of Ohio provides, among other things, that, although private property shall ever be held inviolate, it is subservient to the public welfare; and that, when private property is taken for a public road, a compensation shall be paid to the owner in money. The method by which the state is to exercise this right to subject private property to public use is fixed by the statutes. The state does not require a delegation of power to acquire private property, for, as the sovereign, it has such power. The manner of the exercise of such power is determined by legislative action.

The Legislature in the matter before us has said that a "definite, accurate, and detailed description" shall accompany the resolution and finding which the Director of Highways must file in order to subject private property to public use. The trial court said that was not done in the instant cases. The statutory procedure must be strictly pursued, or the court does not acquire jurisdiction to act. *McMechan* v. *Board of Education*, 157 Ohio St., 241.

In 6 Nichols on Eminent Domain (3 Ed.), Section 26.1123, the author, citing authority, says:

"Inasmuch as a petition containing the allegations required by law is the foundation upon which rests the jurisdiction of the court to entertain condemnation proceedings, insufficiency in the description of the land which it is sought to take renders the entire proceeding void."

In the cases before us, the times for the appeals to juries to fix compensations have passed, but it is a well known rule of law that objections for want of jurisdiction may be raised at any time. Such objections were raised in these cases, and, because of a lack of jurisdiction to entertain the proceedings in eminent domain, the court had the power to act as it did. *In re Appropriation by Ohio Turnpike Commission*, 98 Ohio App., 151; 14 Ohio Jurisprudence (2d), Courts, Section 94, and authorities there cited.

The trial court, in granting the motions to dismiss the reso-

lutions and findings, left standing the judgment entries granting easements over the lands of Spice and Incorvaia. Such judgment entries should be stricken from the files, for without proper resolutions and findings by the Director of Highways, there is no basis upon which judgments may be entered. We therefore modify the judgments of the trial court, and order that, in addition to the dismissal of the resolutions and findings, as filed by the Director of Highways, the judgment entries filed pursuant thereto be stricken from the files.

It becomes necessary, as a result of our conclusion, that the proceedings to appropriate the properties of the parties Spice and Incorvaia must begin anew.

We determine herein that there is no error prejudicial to the appellant apparent on the record in either case.

The judgments are hereby modified as set forth above, and, as so modified, are affirmed.

*Judgments modified and, as modified, affirmed.*

STEVENS, P. J., and DOYLE, J., concur.