In re Appropriation for Highway Purposes.

(No. 650—Decided December 5, 1963.)

*Mr. William B. Saxbe,* attorney general, *Mr. Alan D. Dobnicker* and *Mr. Harry R. Paulino,* for appellant Director of Highways.

*Messrs. Adams & Bechtel* and *Messrs. Betts & Betts,* for appellees property owners.

GUERNSEY, J. This is an appeal on questions of law by the Director of Highways of the state of Ohio in an appropriation action from a judgment of the Common Pleas Court of Hancock County sustaining a motion of the property owners, dismissing the resolution and finding of the director required to be filed pursuant to the provisions of Section 5519.02, Revised Code, and dismissing the appropriation action.

In its journal entry the court recited that no evidence had been adduced, and found that "the description of land contained in the resolution and finding * * * is vague and is not a metes and bounds description and is not sufficiently definite, accurate and detailed as to the property proposed to be appropriated, as required by law, and that by reason thereof a condition precedent to the exercise of the power of the Director of Highways to appropriate private property was not complied with and the court does not have jurisdiction of the subject matter of this action." The court also found "that said Director of Highways is without authority to exercise the power of eminent domain to appropriate the property of the appellants' in fee simple for such limited access highway or freeway, and that by reason thereof this court does not have jurisdiction of the subject matter of this action."

The Director of Highways assigns error of the Common

Pleas Court in each of these findings and in dismissing the resolution and finding by reason thereof.

The appellees claim, and the trial court apparently concluded, that the Director of Highways has no authority to appropriate land in fee simple for limited-access highways or freeways for the reason that Sections 5511.02 and 5535.03, Revised Code, which pertain specifically to limited-access highways or freeways, provide that the director may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon them *in the same manner* in which he may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon highways, and that at the time of the most recent amendment of these sections (126 Ohio Laws, 839, effective October 5, 1955), Section 5501.11 prescribed that "title to property purchased or appropriated by the director, for other than temporary purposes, shall be taken in the name of the state by easement deed." It is the appellee property owners' contention that the amendment thereafter of Section 5501.11, effective November 2, 1959 (128 Ohio Laws, 1017), providing that such title shall be taken in the name of the state "either in fee simple or in any lessor estate or interest which the director deems necessary or proper," is not incorporated by reference in Sections 5511.02 and 5535.03 either under the provisions of Section 1.23, Revised Code, or otherwise, for the reason that the reference in those sections is to the law generally and does not specifically refer to Section 5501.11, or to Chapter 5501. Taking the view which we do of this case, we do not consider it necessary to determine whether the reference in these sections is general or specific or whether the later amendment of Section 5501.11 permitting appropriation of a fee simple interest is incorporated in these sections by reference.

Appellees' argument would be pertinent and cogent if the power and authority of the Director of Highways to appropriate land for a limited-access highway or freeway were derived solely from the provisions of Section 5511.02, Revised Code, or from the provisions of Section 5535.03, Revised Code. Such, however, is not the case. Section 5501.11, Revised Code, when considered in conjunction with Section 5519.01 *et seq.*, Revised Code, determines the powers of appropriation of the Director

of Highways with respect to *all* highways comprising the state highway system, and included within "any purpose authorized by Chapters 5501., 5503., 5505., 5511., 5513., 5515., 5517., 5519., 5521., 5523., 5525., 5527., 5529., 5531., and 5533., of the Revised Code." Section 5519.01, Revised Code. A limited-access highway or freeway is merely a type of highway. By definition it is a *highway* especially designed for through traffic. Section 5535.02, Revised Code. The Director of Highways derives his general powers pertaining to limited-access highways or freeways from the statutory provisions pertaining to highways generally. Sections 5511.02 and 5535.03, Revised Code, do not in any manner limit these powers but merely extend the powers of the Director of Highways to encompass matters peculiar to the limitation of access or to the provision of access to such highways. See *Rothwell* v. *Linzell, Director of Highways,* 163 Ohio St., 517, at pages 524 and 525. See, also, *State, ex rel. Walter, Dir. of Public Service,* v. *Vogel, Dir. of Finance,* 169 Ohio St., 368, wherein powers pertaining to highways generally where made applicable to limited-access highways or freeways because they were merely a specially designed public road or highway.

The only fee simple estate which the Director of Highways sought to appropriate in this proceeding was to the right of way of the highway proper. The director deriving his general power of appropriation of such right of way from Sections 5501.11 and 5519.01 *et seq.,* Revised Code, any amendments of such sections respecting such general powers would be available to him whether Sections 5511.02 and 5535.03, Revised Code, were at the same time or thereafter likewise amended or not.

We conclude that the Common Pleas Court was in error in finding that the Director of Highways had no power to appropriate the property in fee simple, but for the reasons hereafter stated such error was not prejudicial to the appellants when considered in the light of the validity of the court's judgment.

Respecting the finding of the Common Pleas Court that the description of land contained in the resolution and finding of the director was not sufficiently definite, accurate and detailed, since no evidence was adduced, the trial court could make such determination only as a matter of law. The following descrip-

tive matter appears in the copy of the resolution and finding of the director filed in that court:

"The aforementioned property to be appropriated is located in the Northwest Quarter of Section 3, Town 1-South, Range 10-East, Eagle Township, Hancock County, Ohio, lying on the left and right sides of the centerline of a survey made by the Department of Highways, and recorded in the records of Hancock County, Ohio, and being more fully described as follows:

"PARCEL No. 56-WL (HIGHWAY)
ALL RIGHT, TITLE AND INTEREST IN FEE SIMPLE IN THE
FOLLOWING DESCRIBED PROPERTY.

"Beginning at a point on the Township line dividing Eagle and Liberty Townships of Hancock County, said point being the Northeast corner of the Northwestern quarter of Section 3, and being 2.66 feet left of Station 652 plus 19.85 in said centerline of survey; thence South 01 degrees 50 minutes 00 seconds West along the North-South half-section line of Section 3, passing through the said centerline of survey at Station 652 plus 17.94 a distance of 188.22 feet to a point 150.00 feet right of Station 651 plus 09.75 in said centerline of survey; thence South 56 degrees 02 minutes 00 seconds West a distance of 2575.58 feet to a point on the westerly property line of said owners, said point being 150.00 feet right of Station 625 plus 34.17 in said centerline of survey; thence North 01 degrees 57 minutes 00 seconds East along said westerly property line, passing through the said centerline of survey at Station 626 plus 42.82, a distance of 370.43 feet to a point 150.00 feet left of Station 627 plus 51.47 in said centerline of survey; thence North 56 degrees 02 minutes 00 seconds East a distance of 2265.09 feet to a point on the Township line dividing Eagle and Liberty Townships of Hancock County said point being 150.00 feet left of Station 650 plus 16.56 in said centerline of survey; thence South 88 degrees 02 minutes 00 seconds East along said Township line a distance of 251.07 feet to the place of beginning, containing 17.21 acres, more or less.

"Together with all the rights or easements of access to or from said limited access highway, from or to the land of said persons abutting upon that portion of said limited access high-

way, from a point 150 feet left of Station 627 plus 51.47 in said centerline of survey to a point 150 feet left of Station 650 plus 16.56 in said centerline of survey and on the right from a point 150 feet right of Station 625 plus 34.17 in said centerline of survey to a point 150 feet right of Station 651 plus 09.75 in said centerline of survey, as shown by the plans of said improvement herein referred to.

"PARCEL No. 56 (HIGHWAY)

PERPETUAL EASEMENT FOR HIGHWAY PURPOSES

"Beginning at a point on the North-South half-section of said Section 3, said point being 188.22 feet distant from the Northeastern corner of the Northwestern Quarter of said Section 3, and being in the Station 98 plus 15.06 in the centerline of survey of County Road No. 9; thence South 01 degrees 50 minutes 00 seconds west, along said half-section line, a distance of 702.50 feet to a point in the Station 91 plus 00.00 of said centerline of survey; thence North 88 degrees 10 minutes 00 seconds west, a distance of 20.00 feet to a point in the existing westerly right of way line of County Road No. 9, and said point being 20.00 feet left of Station 91 plus 00.00 in said centerline of survey; thence North 03 degrees 05 minutes 36 seconds west, a distance of 662.08 feet to a point 76.86 feet left of Station 97 plus 59.63 in said centerline of survey; thence North 56 degrees 02 minutes 00 seconds East, a distance of 71.14 feet to the point of beginning, containing 0.47 of an acre, more or less.

"Said stations being the Station numbers as stipulated in the hereinbefore mentioned survey."

By using the points, distances and courses set forth in the first paragraph of descriptive matter under the heading, "Parcel No. 56-WL," and those set forth in the descriptive matter under the heading, "Parcel No. 56," this court has been readily able to plot on paper each of the tracts so described, and, the starting points thereof having reference to lines and points customarily monumented in the geodetic survey pertaining to this area, there should be no unusual difficulty in plotting each of these tracts on the ground.

It will be noted that by utilizing the description for Parcel No. 56-WL it is possible to locate on paper, and on the ground, a number of different points in the centerline of the survey made for the improvement of State Route No. U.S. 25. How-

ever, there is nothing in the descriptive matter, or in the resolution and finding, which shows that any of the boundary lines of Parcel No. 56-WL constitute, or coincide with, the boundary lines of the highway, or that the centerline of the highway is a straight line, is not a meandering line, or that it has any specific location with reference to the boundary lines of Parcel No. 56-WL except at the points located in the description of said parcel.

Thus, although the second paragraph of descriptive matter under this parcel heading, which paragraph refers to rights or easements of access, would permit us to locate on paper, and on the ground, the four points therein referred to, nevertheless, without any showing of the width of the highway and/or the location of the centerline, or whether the centerline and/or edges of the highway constitute a straight line or a meandering line, it is impossible to plot on paper, or on the ground, the scope or extent of the rights or easements of access which the state therein attempts to describe and purports to appropriate.

Section 5519.01, Revised Code, requires that the director's finding "shall contain a *definite, accurate,* and *detailed* description of the property, * * * appropriated." (Emphasis added.) This is mandatory language and constitutes a mandatory condition precedent to the appropriation. See *In re Appropriation of Easements for Highway Purposes,* 117 Ohio App., 524.

The statute does not provide, or permit, this mandatory requirement to be diluted, or in any way diminished, by the filing in the court thereafter of a "plat of the property appropriated." A plat is not a substitute for the description in the finding, as the finding must be complete and valid in and of itself.

Indeed, it should be observed parenthetically, that the plat filed herein shows that the course "N 01°50′00″ W" is used therein as being equivalent to the course in the descriptions of both parcel No. 56-WL and parcel No. 56 stated as "South 01 degrees 50 minutes 00 seconds West." The former is neither the equivalent, nor the back azimuth, of the latter, and one or the other, but probably the course on the plat, is erroneous.

If the acquisition of land here in fee simple (Parcel 56-WL) is for a new highway all the rights possessed by the owner in such described property, including the invisible as well as the visible, are acquired by the appropriating authority. *State, ex rel. Lindemann,* v. *Preston, Director of Highways,* 171 Ohio St.,

303, at 305. Under such circumstances no easement of access in the property acquired in fee simple would be reserved to the owner and it would not be necessary for the Director of Highways to separately describe or appropriate rights or easements of access as he purports to do in the second paragraph of descriptive matter under the heading "Parcel 56-WL." See *Rothwell* v. *Linzell, Director of Highways*, 163 Ohio St., 517, at page 524. Under such circumstances the second paragraph would be surplusage and the indefiniteness thereof would not prevent the appropriation action from proceeding with reference to the property properly described.

On the other hand, if the proceedings contemplate the extinguishment of rights or easements of access pertaining to an existing highway, or perhaps to land other than that which the director proposes to acquire in fee simple, the right or easement of access to be extinguished must be extinguished by appropriation with the same definiteness, accuracy, and detail of description as regards any other property to be appropriated.

Our record is the same as that before the trial court, no evidence having been taken, and it not appearing that the description of the rights or easements of access to be appropriated coincides with the property to be appropriated in fee simple, it not appearing that a new highway only, without pre-existing rights or easements of access, is involved, we must presume that the second paragraph is not mere surplusage, that the Director of Highways really intends to appropriate rights or easements of access to some parcel separate and apart from the fee simple title to parcel 56-WL which he is appropriating.

The description to such rights or easements of access not being "definite, accurate, and detailed," we conclude that the director's finding did not contain a "definite, accurate, and detailed description of the property * * * appropriated," that for such reason only the Common Pleas Court did not commit error in its similar finding pertaining thereto, in dismissing the resolution and finding of the Director of Highways, and in dismissing the appropriation proceedings filed in that court pursuant to such resolution and finding. The judgment of the Common Pleas Court is affirmed at the costs of the state of Ohio.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J. concur.