IN RE APPROPRIATION FOR HIGHWAY PURPOSES: BAUGHMAN ET AL., APPELLEES, v. DIRECTOR OF HIGHWAYS, APPELLANT.
IN RE APPROPRIATION FOR HIGHWAY PURPOSES: ELSEA ET AL., APPELLEES, v. DIRECTOR OF HIGHWAYS, APPELLANT.
IN RE APPROPRIATION FOR HIGHWAY PURPOSES: HALEY ET AL., APPELLEES, v. DIRECTOR OF HIGHWAYS, APPELLANT. (Two cases.)

(Nos. 661, 662, 663 and 664—Decided November 13, 1964.)

*Mr. William B. Saxbe,* attorney general, *Mr. Allan D. Dobnicker* and *Mr. John R. Lindsey,* for appellant, Director of Highways.

*Messrs. Adams & Bechtel* and *Messrs. Betts & Betts,* for appellees, landowners.

GUERNSEY, J. In each of the above-captioned highway appropriation cases appeals on questions of law have been perfected by the Director of Highways from judgments of the Common Pleas Court of Hancock County entered pursuant to landowners' motions. As the same issues were raised by each appeal they have been argued and will be considered together.

In the *Baughman case* the judgment entry of the Common Pleas Court recited that no evidence was adduced at the hearing of the motion and found that: "The resolution and finding filed herein is not a true copy as required by law, since the signature of the Director of Highways does not appear thereon; the Department of Highways did not attempt to negotiate with the landowners prior to filing this case, after the previous case had been dismissed; that the description contained

in the resolution and finding filed herein is not a metes and bounds description and the same is not sufficiently definite, accurate, and detailed as to the property proposed to be taken." In the remaining three cases similar motions were heard upon evidence and were sustained. The court ordered in each case that the resolution or finding of the Director of Highways be dismissed.

In each appeal the Director of Highways assigns error as follows:

"1. The court erred in finding the Resolution and Findings filed in the case herein were not true copies as required by law, since the signature of the Director of Highways does not appear thereon.

"2. The court erred in finding the Department of Highways did not attempt to negotiate with the landowners prior to filing the cases herein, after the previous cases had been dismissed.

"3. The court erred in finding the descriptions contained in the Resolution and Finding filed in the cases herein were not metes and bounds descriptions, and that they were not sufficiently definite, accurate, and detailed as to the property proposed to be taken.

"4. Common Pleas Court erred in entertaining any motions by the landowner, inasmuch as this is a special proceeding and no provision is made for motions, except as they affect the question of perfection of the landowners' appeal."

The first assignment of error is based on the fact that, in each case, the Director of Highways filed in court a resolution or finding certified at the end thereof by one Esther E. Dearring-Recorder as being "a true and correct copy of an entry in the Right of Way Section of the Journal of the Director of Highways." However, at the end of the body of the resolution or finding and immediately prior to this certification appears, in each case, a signature line for the Director of Highways with no signature, or copy of signature, thereon.

Section 5519.01, Revised Code, provides in pertinent part:

"If the Director of Highways is unable to purchase property for any purpose authorized by Chapters * * * 5511 * * * of the Revised Code, he shall first enter on the journal of the Department of Highways a finding that it is necessary, for the public

convenience and welfare, to appropriate such property as he deems needed for such purposes. Such finding shall contain a definite, accurate, and detailed description of the property * * * appropriated.

"* * * the director shall also file with such court a true copy of the resolution or finding together with a precipe and sufficient additional copies of the resolution or finding for service of such resolution or finding * * *.''

Section 5501.17, Revised Code, provides in pertinent part:

"The director shall keep a journal and shall record therein his official actions * * *.

"Copies of the journal or parts thereof * * * when certified by the director to be true and correct copies of such journal * * * and attested by the seal of the department shall be received in evidence in the courts of the state in the same manner and with the same effect as though such journal * * * were offered. * * *.''

These provisions are, in substance, the same as when originally adopted in 1927. See Sections 1180 and 1201, General Code, 112 Ohio Laws 430, 431, 440. The provision pertaining to the certification and attestation of copies has to do only with those copies which are to be received in evidence. The true copy of the resolution or finding required to be filed in court to initiate proceedings to compensate the landowner is in the nature of a pleading and it does not constitute, nor is it in the nature of, evidence. There is thus no statutory provision requiring the true copy of the resolution or finding, so filed, to be signed, certified or attested by the Director of Highways. Nor is there any statutory provision specifically requiring that the journal of the Director of Highways, which constitutes the record of his official actions, shall be signed by him. The situation is analogous to the official actions of courts of law, where the journal normally constitutes the record of the court's actions. In the case of *King* v. *King*, 38 Ohio St. 370, wherein the trial judge did not sign a temporary alimony order, the Supreme Court said and held:

"While the better practice is for the judge making such order to sign it, this is not essential to its validity, where, as here, it was entered on the journal by direction of the judge as required by statute * * * and the provisions as to signing the

journal which the former practice act contained * * * was not carried into the code. * * *''

We are, therefore, of the opinion that there being no statute specifically requiring the true copy of the resolution or finding of the Director of Highways, which is filed in court as prescribed by Section 5519.01, Revised Code, to initiate a proceeding to compensate a landowner for property appropriated, to be signed, certified or attested by the Director of Highways, the lack of his signature, or copy of his signature, at the end of the true copy of the body of the resolution or finding so filed does not deprive the court of jurisdiction to proceed in the premises. We thus determine in each of the four appeals before us that the Common Pleas Court committed error in its finding that a true copy of the resolution or finding could not exist without such signature.

The second assignment of error, which relates to whether the Director of Highways attempted to negotiate with the landowners before filing his resolution or finding in the present proceedings, pertains to a matter not within the jurisdiction of the trial court to determine in such proceedings. See *Thormyer, Dir.,* v. *Irvin,* 170 Ohio St. 276; *Preston, Dir.,* v. *Keller,* 115 Ohio App. 197.

Unlike the matters of the sufficiency of the filed true copy of the resolution or finding, *supra,* the sufficiency of the "definite, accurate, and detailed description of the property * * * appropriated" contained therein (Section 5519.01, Revised Code, *infra*), and the nature and character of the estate to be appropriated, which are matters part of and cognizable by a Common Pleas Court in an appropriation proceeding in the determination of its own jurisdiction to proceed in the premises *(Director of Highways* v. *Spice,* and *Director of Highways* v. *Incorvaia,* 117 Ohio App. 524; *Director of Highways* v. *Baughman,* Court of Appeals for Hancock County, December 5, 1963 [unreported]), the matter of negotiation is not a part of the court proceedings for appropriation and not cognizable therein.

For these reasons the Court of Common Pleas committed error in each of the four cases appealed in proceeding to determine that the Director of Highways "did not attempt to negotiate with the landowners prior to filing this case, after the previous case had been dismissed."

The third assignment of error pertains to the sufficiency of descriptions in each of the resolutions and findings.

We have carefully examined the descriptions in the *Baughman case,* in which no bill of exceptions was filed *because no evidence was adduced at the hearing on the motion,* and we find that by using the points, distances and courses therein set forth, other than those pertinent only to the center line survey, we are readily able to plot on paper each of the tracts described, and, the starting points thereof having reference to lines and points customarily monumented in the geodetic survey pertaining to this area, find that there should be no unusual difficulty in plotting these tracts on the ground, and find, as a matter of law, that the descriptions contained in the resolution or finding constitute "definite, accurate, and detailed description[s] of the property * * * appropriated." We find that the trial court committed error in finding in this case that the descriptions were insufficient.

Although in each of the other three cases a bill of exceptions was filed which contained certain evidence relating to the sufficiency of the descriptions, we find, as a matter of law, without reference to such evidence and without considering other possible deficiencies, that the finding of the Director of Highways, in each case, does not "contain a definite, accurate, and detailed description of the property * * * appropriated," for the following reasons:

1. In the *Elsea case,* C. A. No. 662 (C. P. No. 33221), the preamble to the descriptions of parcels No. 435-WL and No. 435, states that "the aforementioned property to be appropriated is located in northwest and southwest quarters of Section 4 * * * being more fully described as follows: * * *." The fourth course and distance in the description of parcel No. 435-WL is approximately east for 3908.67 feet and the sixth course and distance of the same description is approximately west for 39-09.71 feet. Quarter sections are nominally 2640 feet from west to east, and vice versa. Parcel No. 435-WL, as so described, cannot possibly be "located in northwest and southwest quarters of Section 4," but must encompass portions of other quarter sections not described in the finding of the Director of Highways. The description of parcel No. 435-S is woefully inadequate in that it has reference for general location only to "the center-

line of survey made for the Department of Highways," is described in one paragraph as having a width of "25 feet, more or less," and in another paragraph as having a width of "24 feet, more or less," with neither paragraph having reference to any monuments by which the actual width of the strip might be determined.

2. In the *Haley case,* C. A. No. 663 (C. P. No. 33232), the preamble to the descriptions states that "the aforementioned property to be appropriated is located in the northeast quarter of Section 8, and the southwest quarter of Section 4 * * * being more fully described as follows: * * *." Without reference to the centerline survey it is impossible to plot, on paper, or on the ground parcel 49-WL. By using the points, distances and courses (other than centerline survey points, distances and courses) we are readily able to plot parcels 49 and 49-A in the northeast quarter of Section 8, and there should be no unusual difficulty in plotting these tracts on the ground. Parcel No. 49-X can only be plotted if the location of the "'proposed southerly right of way line of state route No. U. S. 25" and the location of the "'centerline of a survey of state route No. 698" are both known, and the description has no reference to known monuments, or to sectional or fractional sectional lines. Although three of the parcels are apparently located in the northeast quarter of Section 8, it cannot be determined whether or not any land is located in the southwest quarter of Section 4 as specified in the director's finding.

3. In the *Haley case,* C. A. No. 664 (C. P. No. 33233), the preamble to the description states that "the aforementioned property to be appropriated is located in northeast quarter, Section 4, * * * being more fully described as follows: * * *." The tract then described begins "at a point in the section line dividing Sections 4 and 9, said point being 863.07 feet distant [presumably east] from the southwest corner of Section 4 * * *," etc. Beginning at this point and following the courses and distances therein set forth a tract in the *southwest,* and *not* the *northeast,* quarter of Section 4 is described.

We are aware that certain presumptions exist in the law of conveyancing which, if applied, might cure some of the inconsistencies, or apparent inconsistencies, above referred to. However, these presumptions are generally inapplicable to

highway appropriations and are not applied here for the command of the statute is that the finding of the Director of Highways "contain a *definite, accurate,* and *detailed* description of the property," which is to notify the landowner of the specific property appropriated, and which is to define the "issues" in the appropriation proceeding. There is no latitude for inconsistencies and, in our opinion, inconsistencies in the description, such as hereinbefore noted, may not be cured by the application of presumptions.

As we have disposed of the fourth assignment of error in our consideration of the second assignment of error we find the same without merit as to the grounds of the landowners' motions pertaining to signatures on the findings and the sufficiency of the descriptions and with merit as to the negotiations prior to the filing of the present proceedings.

As we have found that the Common Pleas Court committed error in the *Baughman case,* as specified in all four assignments of error, which errors are prejudicial to the appellant, its judgment must be reversed and vacated, and the *Baughman* cause must be remanded to such court for further proceedings as provided by law.

In the remaining three cases, notwithstanding that the Common Pleas Court committed error in each case with reference to its finding as to the lack of signature and with reference to its consideration of the question as to the requirements of negotiation, such errors were not prejudicial to the appellant herein, for the court did not commit error in its respective findings with reference to the insufficiency of the descriptions. The insufficiency of descriptions deprived the Common Pleas Court of jurisdiction to proceed in the premises and required it to enter its judgments that "said resolution shall be and hereby is dismissed." Such respective judgments must be affirmed.

*Judgments accordingly.*

MIDDLETON, P. J., and YOUNGER, J., concur.