In re Appropriation of Easements for Hwy. Purposes over
Property of Forte.

[Cite as In re Appropriation for Hwy. Purposes,
12 Ohio App. 2d 173.]

(No. 1734—Decided November 28, 1967.)

174

*Messrs. Luchette, Hoffman & O'Brien,* for appellant property owners.

*Mr. William B. Saxbe,* attorney general, and *Mr. Harry Kandel,* for appellee Director of Highways.

LYNCH, J.  Appellants, whose property was appropriated by the State Highway Department, are dissatisfied with the jury verdict and are questioning the procedure followed in the Common Pleas Court.  There is no bill of exceptions filed in this case.

The first assignment of error concerns the description of the property contained in the copy of the resolution filed by the Director of Highways, which is as follows:

"The aforementioned property to be appropriated is located in Lot 23, Town 5 North, Range 1 West, Hartford Township, Trumbull County, Ohio, lying on the left side of the centerline of a survey made by the Department of Highways, and recorded in the records of Trumbull County, Ohio, and being more fully described as follows:

"PARCEL No. 181 (HIGHWAY)
"PERPETUAL EASEMENT FOR HIGHWAY PURPOSES

"Beginning at the owners' southeast property corner, said corner also being at the intersection of the existing centerline of survey of State Route No. 7 (which is also the line between Lots 17 & 23) and the owners' southerly property line at Station 622 plus 58.13 in the centerline of survey above referred to; thence westerly along said southerly property line passing through the existing westerly right of way line 30 feet left of Station 622 plus 58.13 to a point 60 feet left of Station 622 plus 58.13 in the proposed westerly right of way line of State Route No. 7; thence northwesterly along said right of way line to a point 75 feet left of Station 623 plus 58.13 in the owners' northerly property line; thence easterly along said northerly property line passing through the aforesaid existing westerly right of way line of State Route No. 7 at a point 30 feet left of Station 623 plus 58.13 to a point at Station 623 plus 58.13 in the aforementioned centerline of survey; thence southerly along said center-

line to the point of beginning, containing 0.09 of an acre, more or less, exclusive of the present road which occupies 0.07 of an acre, more or less.''

Appellants contend that this description fails to meet the provisions of Section 5519.01, Revised Code, requiring "a definite, accurate, and detailed description," because it is a center line description.

In the instant case, one can not plot the property to be appropriated without reference to the center line survey or the map attached to the resolution and finding. The starting point is definitely located at the southeast corner of the owners' property, one line goes westerly along the southerly property line for a distance, another line goes for a distance along the owners' northerly property line, and the amount of property taken is 0.09 of an acre; however, the remaining part of the description is reference to stations that are characteristic of a center line survey and cannot be interpreted without reference to the center line survey or the map attached to the resolution and finding.

Courts have generally indicated their disapproval of the use of a center line description by the State Highway Department in the resolution and finding filed in an appropriation case, but there are some differences in opinion in the cases as to the effect on the jurisdiction of the trial court to hear an appropriation case where the description in the resolution and finding of the State Highway Department is a center line description.

Some courts have held that the description in the resolution and finding must meet the same standards as a metes and bounds description generally used for recording purposes in the transfer of real estate; that a center line description per se does not meet such a standard; and that, therefore, a center line description does not meet the requirements of Section 5519.01, Revised Code. *Baughman* v. *Dir. of Hwys.*, 5 Ohio App. 2d 171; *Appropriation of Easements for Highway Purposes over the Property of Dueber Realty, Inc.*, 80 Ohio Law Abs. 257.

However, this court has held that the use of a center line description accompanied by a map, that together are adequate enough for the property owner to understand what property is being appropriated, is not per se such a violation of the re-

quirements of Section 5519.01, Revised Code, as to deny jurisdiction to the trial court, in two unreported Lake County cases, namely, *In re Appropriation of Easements over Property of Sopko* v. *Masheter,* Case No. 762, and *In re Appropriation of Easement over Property of Basquin,* Case No. 696. This is still our position.

Generally, the requirement of the law is fulfilled if the description is such that the landowner is not misled and if its defect may be cured upon demand. 27 American Jurisprudence 2d 275, Eminent Domain, Section 396, and page 278, Section 399.

The legislative grant of the power of eminent domain should be strictly construed, but it should not be technically construed so as to defeat the purpose of the grant. *Covington & Cincinnati Bridge Co.* v. *Magruder,* 63 Ohio St. 455, at page 475.

However, although we disagree with some of the reasoning in the cases of *Baughman* v. *Dir. of Hwys.,* 5 Ohio App. 2d 171, and *Appropriation of Easements for Highway Purposes,* 80 Ohio Law Abs. 257, we agree with the results in both these cases for the reason that the property owners in those cases challenged the use of the center line description by a motion prior to the trial of the case.

We agree that a property owner, whose property is being appropriated by the State Highway Department, is entitled pursuant to Section 5519.01, Revised Code, to a metes and bounds description generally used for recording purposes in the transfer of real estate. *State, ex rel. Preston,* v. *Shaver,* 172 Ohio St. 111. We further feel that this right is not only based on his being informed as to what land is being appropriated but also as to damage to his title. The property owner acquired title by an instrument of conveyance with a metes and bounds description. When the Director of Highways appropriates a part of this property, we feel that the property owner is entitled to know how his metes and bounds description is changed by the appropriation.

Counsel for the Director of Highways contends that only an easement to the property is appropriated for highway purposes, rather than a fee simple. However, this is a perpetual easement for highway purposes, and the property owner is precluded from the private use of the appropriated property as long as it

is used for highway purposes. 27 American Jurisprudence 2d 274, Eminent Domain, Section 396, states as follows:

"The same certainty and accuracy are essential where an easement, rather than the land itself, is sought. * * *"

Furthermore, the real estate taxes are reduced in proportion to the part of the real estate appropriated, pursuant to Section 319.201, Revised Code.

We have no sympathy for the persistent use of center line descriptions by the State Highway Department despite the repeated criticisms by courts since 1958.

However, in the instant case, the property owner did not raise the issue of the use of the center line description in the resolution and finding until after the jury verdict. There is no bill of exceptions before us, and we do not know in what way appellants were affected by this description at the trial of the case. We hold that the center line description in the resolution and finding, together with the map, is definite enough for the property owner to know what property was being appropriated. We, therefore, hold that the trial court had jurisdiction over this case.

In our opinion, the real importance of the right of appellants to a metes and bounds description in this case was the use of such a description in the journal entry that is to be recorded. Under Section 2309.58, Revised Code, the center line description in the resolution and finding could have been amended before or after judgment. However, appellants made no motion in the trial court for such an amendment. We hold that appellants should have exercised their right to a metes and bounds description in the trial court, and they cannot raise this issue for the first time on appeal from the trial court.

The third assignment of error is that the trial court failed to set the case for trial to a jury within twenty days after the date set for the preliminary hearing, as provided for in Section 5519.02, Revised Code.

*In re Appropriation of Easement for Highway Purposes,* 99 Ohio App. 251, seems to be authority for appellants' position. If it is, we disapprove of the decision of *In re Appropriation of Easement for Highway Purposes,* 99 Ohio App. 251, to the extent that it is applicable to this case.

In the instant case, the case was not tried until one year and three months after the preliminary hearing; however, the appellants made no effort to obtain an earlier hearing. If this is error, reversing the case and remanding it for a new trial does not improve appellants' position as far as this requirement is concerned.

We hold that the provision of Section 5519.02, Revised Code, that the trial court shall set an appropriation case for trial to a jury within twenty days after the date set for a preliminary hearing, is directory. It is for the benefit of the property owner. The property owner must exercise his right under this statute in the trial court and cannot raise this right as an issue for the first time on appeal from the trial court.

We have considered the other assignment of error and find it without merit.

*Judgment affirmed.*

JONES, P. J., and O'NEILL, J., concur.